J-S09044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMUNITY LOAN SERVICING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AL ALSTON | : | |
| | : | |
| Appellant | : | No. 143 EDA 2025 |

Appeal from the Judgment Entered December 12, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230901663

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED MAY 5, 2026**

Al Alston, a licensed attorney, appeals **pro se** from the December 12, 2024 judgment entered in favor of Appellee, Community Loan Servicing, LLC, in the amount of $293,444.60 in this non-residential mortgage foreclosure action.  After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> [Appellee] commenced this non-residential loan foreclosure action by complaint filed September 18, 2023, seeking $293,444.60. [Appellee] has assumed an Adjustable Rate Promissory Note and Mortgage between [Appellant] and an entity named InterBay Funding, LLC.  The note was secure by a mortgage on 2834 West Girard Avenue, Philadelphia, PA, 19130. The loan had previously been modified twice at

_____

[*] Former Justice specially assigned to the Superior Court.

[Appellant's] request due to his "adverse economic circumstances."

[Appellee] had unsuccessfully attempted to serve the complaint on [Appellant] on September 19, 2023, at the mortgaged address, 2834 West Girard Avenue, and two other addresses. On January 18, 2024, [Appellee] filed a motion for alternative service. The motion included an affidavit of due diligence that shows a female occupant at 2834 West Girard Avenue reported [Appellant] as "unknown at this address." Occupants at the other addresses gave similar responses.

The court issued a Case Management Order ("CMO") on December 26, 2023, which included discovery, dispositive motion, and pre-trial motion deadlines. The CMO also required the parties to file a pretrial memorandum 10 day before the start of the assigned trial pool month. The court projected that the trial would be listed in October 2024. The CMO made clear "[r]equests … for continuance must be submitted by filing a Motion for Extraordinary Relief." The CMO required all counsel to "serve a copy of this Order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order." The CMO was failed on the public docket the day it was issued.

The court granted the motion [for alternative service] on January 23, 2024, and authorized [Appellee] to effect service by posting the complaint at the three addresses and by mailing it by regular and certified mail, return receipt requested. [Appellee] filed it affidavit of service on February 8, 2024.

[Appellant] filed preliminary objections and sought dismissal of the complaint on March 4, 2024. [Appellant] identified his address on the pleading as 2836 West Girard Avenue, Philadelphia, PA, 19130, the address of his law practice, which sits next door to the mortgage property at 2834 West Girard Avenue.

The trial court overruled [Appellant's] preliminary objections and instructed him to answer the complaint within 20 days.

On May 2, 2024, [Appellant] filed his answer to the complaint. He denied all averments of [Appellee's] complain and asserted thirteen affirmative defenses. [Appellee] responded to the new matters on May 7, 2024.

[Appellant] took no discovery.

[Appellant] filed no dispositive motions.

The court notified the parties by letter filed on August 13, 2024, that the case would be called for trial in October 2024. The court directed the parties to file any notices of trial date conflicts no later than September 23, 2024, at 5:00 PM. The court also directed the parties, in bold print, to review and comply with the CMO. The CMO, in turn, required all counsel to serve and file a pretrial memorandum, that included a concise summary of the nature of the case, and a list of all witnesses and exhibits.

[Appellant] failed to file a pretrial memorandum.

[Appellant] attempted to file two letters electronically on September 23, 2024. The letters sought additional time for discovery, a continuance of the trial to January 2025, a conciliation conference pursuant to the Mortgage Foreclosure Program, and a settlement conference. [Appellant asserted he needed the continuance because he has exhausted his discretionary days off from work. An unspecified Workers' Compensation matter had required him to use all his vacation and sick leave.

The Prothonotary rejected [Appellant's] court paper and explained he had to file a motion for extraordinary relief to seek a continuance of the trial beyond the October trial pool. The Prothonotary also explained [Appellant] was not eligible for the mortgage

> foreclosure diversion program because he had obtained a non-residential loan.
>
> On September 24, 2024, [Appellant] successfully filed a motion for extraordinary relief. He detailed his failed attempts to file "conflict letters" the day before, objected to the pretrial process, and sought, by reference to his rejected correspondence from the day before, a trial in the new year. He did not identify his employer. He did not explain the relationship between his law practice at 2836 West Girard Avenue and his purported employer. He provided no written evidence of the number of sick and vacation days his employer gave him, or how he had used the time.
>
> On September 30, 2024, the court set the case for trial on October 15, 2024. The court denied [Appellant's] motion for extraordinary relief on October 9, 2024, without explanation.
>
> [Appellant] did not appear for the bench trial[1] on October 15, 2024. Counsel for [Appellee] advised the court he had received an email from [Appellant] the night before. The letter rehashed [Appellant's] grounds for a continuance and asked [Appellee's] counsel to postpone the case. The court proceeded with the trial because [Appellant's] motion for extraordinary relief had been denied, and because [Appellant] had not filed a motion to reconsider or any other motion with the court. After hearing the evidence, the court found for [Appellee] in the amount of $293,444.60.

Trial court opinion, 10/8/25 at 1-5 (citations, internal headings, and extraneous capitalization omitted).

_____

[1] The October 15, 2024 bench trial was conducted before the Honorable Christopher R. Hall.

On October 28, 2024, Appellant filed post-trial motions, which were denied by the trial court, with prejudice, on December 6, 2024. As noted, the trial court entered judgment in the amount of $293,444.60 in favor of Appellee and against Appellant on December 12, 2024. On December 24, 2024, Appellant filed a motion for reconsideration that was ultimately denied by the trial court. This timely appeal followed.[2]

Appellant raises the following issues for our review:

1. Whether the trial court violated Appellant's due process rights by setting discovery and scheduling deadlines at a conference held before Appellant was served with the complaint and then enforcing those deadlines against him[?]

2. Whether the court erred by conducting a non-jury "trial" in Appellant's absence without entering a default judgment or providing default procedural protections[?]

3. Whether the court abused its discretion by denying Appellant's conflict letters and continuance requests and proceeding to trial despite Appellant's documented unavailability[?]

4. Whether the court erred by denying post-trial relief without permitting briefing or oral argument[?]

5. Whether the court erred by deeming Appellant's post-trial motion untimely where Appellant lacked notice of operative deadlines due to delayed service and procedural irregularities[?]

_____

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant's brief at 3.

Our standard of review of a non-jury trial is well settled:

> Our review in a nonjury case is limited to whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law.  We must grant the court's findings of fact the same weight and effect as the verdict of a jury and, accordingly, may disturb the nonjury verdict only if the court's findings are unsupported by competent evidence or the court committed legal error that affected the outcome of the trial.  It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the factfinder.  Thus, the test we apply is not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion.

***Berg v. Nationwide Mut. Ins. Co., Inc.***, 189 A.3d 1030, 1036 (Pa.Super. 2018) (citation omitted), ***appeal dismissed***, 235 A.3d 1223 (Pa. 2020).

Prior to any consideration of the merits of Appellant's appeal, we must first determine whether he has properly preserved his claims for appellate review.

Parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit.  Pa.R.A.P. 2101.  We will not advocate or act as counsel for an appellant who has not substantially complied with our rules.  ***Bombar v. W. Am. Ins. Co.***, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted).

This Court has long recognized that "[t]he failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa.Super. 2018) (citation, internal quotation marks, and brackets omitted), ***appeal denied***, 199 A.3d 340 (Pa. 2018). "[A]rguments which are not appropriately developed are waived." ***Egan v. USI Mid-Atl., Inc.***, 92 A.3d 1, 17 (Pa.Super. 2014) (citation omitted). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the claim." ***Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.***, 959 A.2d 438, 444 (Pa. Super. 2008) (citation omitted), ***appeal denied***, 972 A.2d 522 (Pa. 2009); ***see also See McEwing v. Lititz Mut. Ins. Co***., 77 A.3d 639, 647 (Pa.Super. 2013) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted).

Here, our review reveals that Appellant's brief falls well below the standards delineated in our Rules of Appellate Procedure. Significantly, our review of Appellant's sparse, five-page appellate brief reveals that his claims are woefully underdeveloped and fail to include a single citation to any case law or relevant legal authority, in violation of Rules 2119(a). ***See*** Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation

- 7 -

of authorities as are deemed pertinent."). Appellant he has failed to include any reference whatsoever to the certified record nor the bench trial transcript, in violation of Rules 2119(b) and (c). Notably, Appellant's entire "Argument" section for the five claims he raises on appeal is comprised of six short, conclusory paragraphs devoid of any meaningful discussion and analysis of any legal authority. *See* Appellant's brief at 4-5.

Based on the foregoing, we find all of Appellant's issues waived. Accordingly, we affirm the December 12, 2024 judgment entered in favor Appellee and against Appellant.

Judgement affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/5/2026